UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DODGE MELKONIAN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD. d/b/a
AZAMARA CLUB CRUISES and/or
AZAMARA CRUISES,

    Defendant.
_____/

## COMPLAINT

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, DODGE MELKONIAN ("Plaintiff"), is a citizen of Florida.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. d/b/a AZAMARA CLUB CRUISES or AZAMARA CRUISES ("Defendant"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

3. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

1

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

5. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Azamara Journey*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Azamara Journey*.

9. On or about April 19, 2013, Plaintiff was a paying passenger on Defendant's vessel which was in navigable waters.

10. On or about April 19, 2013, Plaintiff was injured when he fell after being knocked off balance by the motion of the vessel while walking in his cabin.[1]  Plaintiff is an elderly man who suffered severe injuries including but not limited to a hip fracture and fractures to his hand.  Plaintiff's hip fracture was so severe that he required emergency surgery.[2]  Despite the severity of Plaintiff's injury and his need for immediate emergency care, Plaintiff was abandoned by Defendant in a small port city without a competent medical facility to treat his life threatening injuries or any help to get him to such a facility.  Essentially the Defendant, fully aware of the severity of Plaintiff's injuries, kicked him

---

[1] Plaintiff's cabin was not reasonably safe for a number of reasons including but not limited to the lack of hand rails/hand grabs in the cabin to assist passengers moving about the cabin.
[2] The Defendant was aware of the severity of the Plaintiff's injury as the ship's physician had informed the Defendant's headquarters of same.

2

off the vessel and sailed away without a second thought or offer of help.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference paragraphs one through ten as though originally alleged herein, and further alleges:

11. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. This includes a duty to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. *See Rinker v. Carnival Corp.*, 836 F. Supp. 2d 1309, 1316 (S.D. Fla. 2011) *quoting Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1371 (5th Cir.1988).

13. On or about April 19, 2013, the Defendant breached its duty to provide reasonable care under the circumstances and further failed to provide such aid and assistance as ordinarily prudent persons would render under similar circumstances.

14. On or about April 19, 2013, Plaintiff was severely injured due to the failure of Royal Caribbean and/or its agents, servants, and/or employees to provide reasonable care under the circumstances and furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances as follows:

   a. Failing to medically evacuate the Plaintiff to a reasonably adequate shore-side medical facility despite the availability of same; and/or

   b. Failing to request the assistance of governmental authorities and/or private medical emergency companies to evacuate Plaintiff to a reasonably adequate medical facility, despite the reasonable availability of such aid; and/or

   c. Failing to promulgate and/or enforce adequate policies and procedures aimed at

      ensuring that passengers injured aboard ship are disembarked in a reasonable location and/or not abandoned without aid; and/or

  d. Abandoning the Plaintiff in a foreign land, with no way to communicate, travel, or gain the medical assistance he needed; and/or

  e. Failing to provide adequate handrails and/or handholds inside cabin staterooms to prevent persons from falling; and/or

  f. Failing to warn passengers of heavy seas which Defendant knew or should have known could cause passengers to fall and be injured; and/or

  g. Failure to provide a cabin reasonably safe for use by elderly passengers; and/or

  h. Failure to warn Plaintiff of the dangerous condition and/or falling hazards that existed in his stateroom; and/or

  i. Knowing from prior similar incidents of the dangers that existed in Plaintiff's cabin yet failing to correct them; and/or

  j. Knowing from prior similar incidents of the lack of adequate medical facilities in the port that Plaintiff was disembarked in, yet failing to adjust procedures for medical disembarkation's in this port; and/or

  k. Failure to adequately research ports of call and determine available medical facilities therein.

15. All of the above caused the Plaintiff to be injured and/or caused the Plaintiff's injuries to be aggravated and made worse.

16. Defendant knew or should have known of the above conditions due to prior similar incidents, or because such conditions had existed for a sufficient length of time that upon reasonable inspection Defendant should have discovered them, yet Defendant failed to

4

rectify these conditions leading to Plaintiff's injuries.

17. Defendant knew or should have known of the severity of the Plaintiff's injuries and the Plaintiff's need for emergent medical care at an adequate hospital.

18. In light of its knowledge and/or constructive knowledge, Defendant, negligently failed to evacuate the Plaintiff to an adequate hospital.

19. As a result of Defendant's negligence, Plaintiff was injured about his body and extremities, including but not limited to a fractured hip, internal bleeding, bed sores, urinary tract infection, swelling and sores on his genitals, and fractures in his hand. Plaintiff suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, and suffered physical handicap. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Royal Caribbean.

*Respectfully Submitted,*
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
Attorneys for Plaintiff
Suite 1776, One Biscayne Tower

5

                                                Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile:   (305) 373-6204
Email: emorales@lipcon.com
By:   /s/ Eric Charles Morales
ERIC C. MORALES
FLORIDA BAR # 91875

Date: May 21, 2014